USCA1 Opinion

 

 February 21, 1996 [Not for Publication] [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-1577 UNITED STATES, Appellee, v. EUGENE M. MARTIN A/K/A DIRK LADSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Lee H. Bals with whom Friedman & Babcock was on brief for ____________ ____________________ appellant. Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Jay P. McCloskey, United States Attorney and Jonathan R. Chapman, ________________ ___________________ Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ Stahl, Circuit Judge. Following a two-day trial, a Stahl, Circuit Judge. _____________ jury convicted Eugene Martin of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. 846 and possession of cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). He now appeals both convictions, raising as his sole issue whether the district court abused its discretion by allowing testimony at trial concerning a brutal beating in which Martin had allegedly participated.1 After careful review, we affirm. I. I. __ Background Background __________ On January 25, 1994, Roxann Sullivan was arrested for attempting to sell an eighth of an ounce of cocaine to an undercover police officer and another individual at a Cumberland Farms store in Berwick, Maine. Following her arrest, Sullivan agreed to cooperate with the police in an attempt to arrest her cocaine supplier. Consequently, Sullivan paged her supplier, Aaron Jamison ("Aaron"), to arrange another illegal drug transaction for later that evening. After several subsequent phone calls, in which Sullivan spoke with both Aaron and the appellant Martin, Aaron agreed to meet Sullivan at the Cumberland Farms store where the previous buy had taken place.  ____________________ 1. Codefendant Aaron Jamison initially filed a notice of appeal but that appeal was dismissed for want of prosecution on November 14, 1995. -2- 2 Following these phone calls, police officials equipped Sullivan with a hidden radio transmitter, gave her some serialized currency, and drove her, in Sullivan's own car, to the Cumberland Farms store. Several officers followed in a separate vehicle to provide surveillance. Several minutes later, a maroon van containing Martin, Aaron and Aaron's brother, Harry Jamison, entered the Cumberland Farms parking lot. Martin drove the van while Aaron sat in the front passenger seat; Harry Jamison occupied the rear seat. Once she noticed the van, Sullivan exited her car, walked towards the van and climbed into its middle seat. She then negotiated the purchase of an eighth of an ounce of cocaine, eventually exchanging the serialized currency she had been given for two small packets of cocaine. Following the exchange, the police arrested the three occupants of the van. Subsequently, the government tried Martin and Aaron together. At their trial, the court allowed Sullivan and her former boyfriend, Arthur Myers, to testify that, in the fall of 1993, Martin and Aaron had beaten an individual who had sold drugs for Aaron and had allegedly cheated him. The government offered the testimony to prove the existence of an agreement between Martin and Aaron to conspire to distribute drugs. Before Sullivan took the stand, the court held an extensive sidebar conference with the government and both -3- 3 defense counsel concerning Sullivan's proposed testimony. During the conference, the parties discussed not only the alleged beating but also the fact that Sullivan feared for her life because she believed that Martin and Aaron had previously murdered someone in New York. The court cautioned the government that eliciting testimony about the alleged New York murder would be highly inflammatory and unfairly prejudicial. With respect to the alleged beating, the government offered that Sullivan and Myers would testify that Martin and Aaron had beaten an individual identified as Leon in the fall of 1993. The government explained that Leon, who had sold drugs for Aaron, had become heavily indebted to Aaron due to his own personal use of cocaine. Aaron also suspected that Leon had been short-changing him on proceeds from Leon's drug sales. The government added further that Sullivan and Myers would testify that, prior to the beating, Aaron had told them that he and Martin were planning to straighten Leon out so that he would stop using cocaine. Martin's counsel objected to the proposed testimony, arguing that it had no relevance to the alleged conspiracy to distribute cocaine. The court denied the objection, ruling that the testimony would be relevant if Leon's debts were tied to cocaine. Aaron's counsel, while conceding that the court had broad discretion under Fed. R. -4- 4 Evid. 4032 to decide whether to allow the testimony, nonetheless argued that the prejudicial impact of the proposed testimony outweighed its probative value. The court declined to prohibit the testimony, but offered to instruct the jury that "this defendant is not being charged for violence or any such activity, you may only consider this as it bears upon the charge of conspiracy or possession." During Sullivan's and Myer's ensuing testimony, neither counsel raised any further objections on the basis of unfair prejudice.3 Following the testimony of each witness, the court sua sponte gave an expanded cautionary instruction ___ ______ generally along the lines of what it had proposed at the sidebar conference. II. II. ___ Discussion Discussion __________ On appeal, Martin challenges the district court's failure to exclude the testimony concerning the beating. Martin argues that the connection between the beating and any  ____________________ 2. Fed. R. Evid 403 provides in relevant part: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . . 3. During Sullivan's testimony about the beating, two objections were made, one on the basis of hearsay and another on the basis that an answer given by Sullivan was nonresponsive. The court denied the first objection and sustained the second. -5- 5 alleged agreement to distribute cocaine was tenuous at best, and that the graphic details elicited about the brutality of the beating were highly inflammatory and unfairly prejudicial. At the outset, however, we note that Martin effectively forfeited this issue by failing to object contemporaneously at trial to the now-challenged testimony. While Martin initially raised concerns about the proposed testimony during the sidebar conference, at that point in time, no witness was before the jury, no questions had been posed and no evidence about the beating had been adduced. Lacking such context, the court could not definitively balance the government's need for the evidence against any correspondent risk of unfair prejudice that it posed. Thus, any ruling at that point was preliminary, and Martin's failure to raise subsequent contemporaneous objections forfeited the issue. See, e.g., United States v. Griffin, ___ ____ _____________ _______ 818 F.2d 97, 105 (1st Cir.), cert. denied, 484 U.S. 844 _____ ______ (1987) (holding that a motion in limine, even one raised __ ______ during trial, does not preserve an issue for appeal). Indeed, at oral argument before this court, Martin's counsel, noting the absence of contemporaneous objections, essentially conceded that trial counsel had forfeited the issue. Accordingly, we review only for plain error. See, e.g., ___ ____ United States v. Winter, 70 F.3d 655, 659 (1st Cir. 1995) _____________ ______ (forfeited errors reviewed only for plain error). -6- 6 In any event, there is no error, much less plain error, in this case. Under Rule 403, a court may exclude relevant evidence only if the evidence poses a risk of unfair prejudice that substantially outweighs its probative value. See Fed. R. Evid 403. We accord great deference to a ___ district court's judgment on such issues, and will review even properly preserved assertions of error only for a clear abuse of discretion. See, e.g., United States v. Lopez, 944 ___ ____ _____________ _____ F.2d 33, 38 (1st Cir. 1991). The fact that Martin had previously helped Aaron beat up a former associate who had been taking money and drugs from Aaron tended to show Martin's participation in the conspiracy. A factfinder could reasonably infer that Martin would not have helped Aaron in such an endeavor unless he had a personal interest in the success of the drug distribution venture. Thus, the evidence was clearly probative on the issue of whether an agreement existed. Furthermore, as the district court correctly noted, the government needed this evidence to help refute Martin's contention that his mere presence in the van during the cocaine transaction did not establish that he had conspired with Aaron. On the other side of the scale, we agree that the testimony posed some risk of unfair prejudice.4 Nonetheless, we cannot say that  ____________________ 4. Specifically, Martin points to Sullivan's statements that Aaron told her that they had left Leon "dead and stinking," and that she had observed Aaron and Martin hitting Leon and -7- 7 the risk so outweighed the testimony's undeniable probative value as to constitute a clear abuse of discretion. Moreover, we think the district court substantially minimized the risk by carefully instructing the jury that it should consider the testimony only for the purpose of establishing the conspiracy. III. III. ____ Conclusion Conclusion __________ For the foregoing reasons, Martin's conviction is affirmed. affirmed  ____________________ tearing off his clothes. Martin also notes that Myers testified that Aaron and Martin "were kicking [Leon], punching him, threw a bike at him, [and] they made him take off all his clothes, [and] took his money."  -8- 8